IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
DETROIT OFFICE

| | | |
|---|---|---|
| **DEBRA LUKASIEWICZ,** | ) | |
| | ) | |
| Plaintiff, | ) | 2:16-cv-11366 |
| | ) | |
| v. | ) | |
| | ) | |
| **STONELEIGH RECOVERY** | ) | |
| **ASSOCIATES, LLC,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the plaintiff, DEBRA LUKASIEWICZ, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the defendant, STONELEIGH RECOVERY ASSOCIATES, LLC, the plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.  This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2.  Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.  DEBRA LUKASIEWICZ, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Wayne, County of Wayne, State of Michigan.

5.  The Debt was for a medical bill which was for the personal use of Plaintiff and/or used for household expenditure.

6. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. STONELEIGH RECOVERY ASSOCIATES, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Michigan. Defendant's principal place of business is located in the State of Illinois. Defendant is registered as a limited liability company in the State of Illinois.

8. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

9. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

11. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

12. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

13. On February 29, 2016, Defendant sent Plaintiff correspondence in an effort to collect the Debt.

14. On or about March 8, 2016, Plaintiff called Defendant to speak to someone regarding the aforesaid correspondence and spoke to a person that identified herself has "Katrina" a duly authorized representative of Defendant.

15. During the aforesaid phone call, Katrina told Plaintiff she was reviewing Plaintiff's credit report, and that Plaintiff had plenty of money available to pay her debt, and that she should use one of the credit cards to pay in full.

16. Plaintiff denied that she would use a credit card to pay off this alleged debt.

17. On March 16, 2016, Katrina initialed a telephone call to Plaintiff.

18. During the March 16, 2016 phone call, Katrina alleged to Plaintiff that Plaintiff had plenty of money because she paid off her house in full.

19. Plaintiff denied that she paid off her house in full and instead disposed of her former residence in a short-sale transaction.

20. Defendant's representative then and there accused Plaintiff of lying, telling her that she did pay off her house and has plenty of money from the sale of the house or businesses she and her husband had owned.

21. At no time in any of the aforesaid conversations, or in any conversation between Plaintiff and Defendant did the parties make any payment arrangements.

22. At no time in any of the aforesaid conversations, or in any conversation between Plaintiff and Defendant did Defendant accept and offer of a payment plan from Plaintiff.

23. On or about March 21, 2016, Defendant sent correspondence to Plaintiff dated March 21, 2016.

24. In the aforesaid correspondence Defendant sent to Plaintiff, dated March 21, 2016, Defendant stated in bold letters and of a larger type setting than the text of the letter "Payment Reminder."

25. The aforesaid letter stated, "[w]e are sending you this reminder to assist you in meeting your payment obligation. Please note the due date and payment amount due. If your payment is late, we may require you to pay the balance in full."

26. The aforesaid letter stated that the payment amount due was $25.00 and the payment due date was March 30, 2016.

27. Defendant's March 30, 2016 letter gave the impression to the unsophisticated consumer that a payment agreement was made between the parties and she is now obligated on a new payment agreement.

28. Defendant's representations, in its correspondence to Plaintiff dated March 21, 2016, as delineated above, were false, deceptive and misleading given that there was no agreement to pay back the debt between the parties and Plaintiff never agreed to pay $25 per month as Plaintiff could not afford $25 per month.

29. On March 31, 2016 Katrina initiated another phone call to Plaintiff.

30. During the aforesaid phone call, Katrina told Plaintiff that she missed her payment. When Plaintiff said she did not make any plan on paying this debt, the call was transferred to another representative of Defendant who identified himself as John O'Connor, and identified himself as a manager of Defendant.

31. During that aforesaid conversation, O'Connor told Plaintiff that she broke her promise.

32. Plaintiff again told O'Connor that she made no promise or agreement with them. Plaintiff advised O'Connor that their family does not have any money, and that they need every penny of their money as they are not only retired, but have the responsibility of caring for their grandchild, and they need financial assistance for her too.

33. O'Connor then and there told Plaintiff that she has plenty of money and assets to pay, and accused Plaintiff of not being truthful. Further, O'Connor accused Plaintiff of having the money to pay this debt, but just not wanting to.

34. O'Connor further told Plaintiff that he knows she made a payment of $507 on a car in February of 2016.

35. This was untrue as Plaintiff did not make a car payment of $507 in February, and her car payment was only $285.

36. O'Connor continued to abuse and harass Plaintiff for money, accusing her of having plenty of money and just being untruthful and hiding it.

37. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

  a. Engaged in conduct, the natural consequence of which was to harass and abuse the consumer in violation of 15 U.S.C. §1692d;

  b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

  c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

  d. Failed to comply with the provisions of 15 U.S.C. §1692g(a);

  e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

38. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

39. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DEBRA LUKASIEWICZ, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**DEBRA LUKASIEWICZ**

By:   s/ Larry P. Smith
      Attorney for Plaintiff

Dated: April 14, 2016

Larry P. Smith (Atty. No.: 6217162)
SMITHMARCO, P.C.
20 South Clark Street, Suite 2120
Chicago, IL 60603
Telephone: (312) 324-3532
Facsimile: (888) 418-1277
E-Mail: lsmith@smithmarco.com